IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WENDALL JEFFERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:17-CV-672-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Wendall Jefferson's "Motion to Revisit Sentence Pursuant to the 'Holloway Doctrine.'"  Doc. # 2.  The Government opposes this motion.  *See* Doc. # 4.  As explained below, the court finds no basis for granting Jefferson relief.

## **I. BACKGROUND**

In July 2003, Jefferson pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 2); possession with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 5); and two counts of possession of a firearm during commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 4 and 6).  *See United States v. Jefferson*, Case No. 3:03cr63-MHT (M.D. Ala. 2004).  In March

2004, the district court sentenced Jefferson to 438 months' imprisonment, consisting of concurrent terms of 78 months on Counts 1, 2, 3, and 5; 60 months on Count 4 (one of the § 924(c) convictions) to be served consecutively to all other counts; and 300 months on Count 6 (the second § 924(c) conviction), to be served consecutively to all other counts.

The Eleventh Circuit affirmed Jefferson's convictions and sentence on direct appeal. *See United States v. Jefferson,* 126 F. App'x 463 (11th Cir. 2004) (table). Thereafter, this court denied Jefferson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *See United States v. Jefferson,* Civil Action No. 3:06cv60-MHT (M.D. Ala. 2007). In August 2012, Jefferson filed what he styled as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which this court summarily dismissed as a successive § 2255 motion filed without appellate court authorization. *See Jefferson v. United States*, Civil Action No. 3:12cv478-MHT (M.D. Ala. 2012).

By his instant motion (Doc. # 2), Jefferson seeks a sentence reduction pursuant to the so-called "Holloway Doctrine." In particular, Jefferson seeks relief from his mandatory, consecutive § 924(c) sentences (Counts 4 and 6). He asks this court to direct the United States Attorney for the Middle District of Alabama to "exercise his discretion," in conjunction with this court, to (1) vacate one of his § 924(c) convictions, which would have the effect of eliminating the mandatory consecutive

300-month sentence imposed for Count 6, or (2) reduce the sentence imposed for Count 6 from 300 months to 120 months (10 years) in prison. Doc. # 2 at 2, 4. In essence, Jefferson says this court has the power to reduce his sentence with agreement by the U.S. Attorney. *Id.*

## II.  DISCUSSION

The "Holloway Doctrine" gets its name from *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). There, a district judge encouraged the U.S. Attorney for the Eastern District of New York to agree to vacatur of two or more of Holloway's lawfully obtained 18 U.S.C. § 924(c) convictions—even though "all appeals and collateral attacks ha[d] been exhausted and there [was] neither a claim of innocence nor any defect in the conviction or sentence," *id.* at 311—because the judge believed Holloway's sentence of nearly 58 years was excessive, *id.* at 314. After the Government agreed to vacatur of two of Holloway's § 924(c) convictions, the district court reduced his sentence.

The court in *Holloway* did not claim any broad inherent or residual power to reduce sentences. To the contrary, the court "recogniz[ed] that there were . . . no legal avenues or bases for vacating" Holloway's judgment. 68 F. Supp. 3d at 314. The sentence reduction in *Holloway* depended entirely on the Government's acquiescence. The court observed that using the Government's "power to walk into courtrooms and ask judges to remedy injustices" "poses no threat to the rule of

3

finality" because "the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly." *Id.* at 316. The "Holloway Doctrine" has no application to Jefferson's case, however, because the Government has stated that it opposes any reduction of Jefferson's term of imprisonment. *See* Doc. # 4 at 7 ("[The] United States Attorney . . . has considered the 'Holloway Doctrine,' the facts underlying *Holloway*, Jefferson's violent criminal history, his continued denial of guilt to the counts of conviction, and his rehabilitative efforts, and determines that Jefferson's sentence is appropriate.").

To the extent Jefferson suggests the "Holloway Doctrine" recognizes district courts as having broad discretionary authority to reduce sentences, the Eleventh Circuit has never adopted such a theory. A district court has no "inherent power" to go outside the strictures of the federal sentencing statutes or the Federal Rules of Criminal Procedure to reduce a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317–18 (11th Cir. 2002) (collecting cases). District courts cannot reduce a sentence once it has been imposed except under three limited exceptions, none of which apply here. *See* 18 U.S.C. § 3582(c)(2). This court has no other broad inherent or residual power to reduce sentences. *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

Jefferson identifies no authority that enables this court to reduce his sentence. The Bureau of Prisons has not moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Jefferson points to no retroactive amendments to the Sentencing Guidelines that would lower his guidelines range under § 3582(c)(2). The court has no power to change Jefferson's sentence under Rule 35(a) of the Federal Rules of Criminal Procedure, because there was no "arithmetical, technical, or other clear error" in Jefferson's sentence and, in any event, the 14-day time period for the court to make such a modification has long passed. The court cannot reduce Jefferson's sentence under Rule 35(b), because the Government has not moved for a substantial-assistance reduction.

Here, the Government has made it clear that it is unwilling to consent to any relief for Jefferson. Without the Government's involvement, *Holloway* has no application. Further, the court is constrained to note that *Holloway* is a district court decision from another circuit and has no binding effect on this court. Nor did *Holloway* create an actionable new right under federal law. The Eleventh Circuit has not even addressed the "Holloway Doctrine." Simply put, *Holloway* does not control this court's ability to reduce Jefferson's sentence.

For the above-stated reasons, Jefferson's "Motion to Revisit Sentence Pursuant to the 'Holloway Doctrine'" (Doc. # 2) should be denied. Alternatively, should Jefferson's motion pursuant to the "Holloway Doctrine" properly be

construed as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, this court would lack jurisdiction to entertain what would be a successive § 2255 motion, because Jefferson has not received permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the "Motion to Revisit Sentence Pursuant to the 'Holloway Doctrine'" be DENIED.  To the extent the same motion may be construed as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, it is the RECOMMENDATION of the Magistrate Judge that the motion be DISMISSED for lack of jurisdiction.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 26, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C.

§ 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 12th day of March, 2020.

                    /s/   Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE